IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH W.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21 C 1498 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Sarah W.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 12] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On December 19, 2017, Plaintiff filed a claim for DIB, alleging disability since December 12, 2017. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on July 28, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On October 6, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 12, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: irritable bowel disease (IBD); thyroid disorder; depression; and personality disorder.

The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ found Plaintiff's residual functional capacity ("RFC") to be as follows: can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; has no limitations in her ability to sit, stand, or walk throughout an 8-hour workday; is limited to working in non-hazardous environments, *i.e.*, no driving at work, operating moving machinery, no climbing of ladders or working at unprotected heights, and should avoid concentrated exposure to unguarded hazardous machinery; is limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment; is not capable of multitasking, or work requiring considerable self-direction; can work at an average production pace, but not at a significantly above average or highly variable pace; is precluded from work involving direct public service, in-person or over-the-phone, although can tolerate brief and superficial interaction with the public which is incidental to her primary job duties; is unable to work in crowded, hectic, environments; and can tolerate brief and superficial interaction with supervisors and co-workers, but cannot engage in tandem tasks.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as an administrative assistant, data entry clerk, or census clerk. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in

significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

6

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ mischaracterized the testimony and medical records in finding that Plaintiff's Crohn's Disease is inactive and not severe; (2) the ALJ erred in finding that Plaintiff had less than a marked limitation in interacting with others; (3) the ALJ erred in finding that Plaintiff had less than a marked limitation in concentrating, persisting, or maintaining pace; and (4) the ALJ erred in determining that, with respect to Plaintiff's mental impairments, Plaintiff does not have a marked limitation in two domains or an extreme limitation in one domain.

For her first argument, Plaintiff argues that the ALJ failed to properly address her diagnosed irritable bowel disease / Crohn's disease. "Crohn's disease is an inflammatory bowel disease (IBD) [and] [i]t causes inflammation of the lining of [an individual's] digestive track, which can lead to abdominal pain, severe diarrhea, fatigue, weight loss and malnutrition." *Shewmake v. Colvin*, 15 C 6734, 2016 U.S. Dist. LEXIS 163357, at *2 n.2 (N.D. Ill. Nov. 28, 2016) (citation omitted). As stated above, the ALJ determined that Plaintiff's irritable bowel disease constituted a severe impairment. (R. 38, 43.) Pertinent to that condition, the ALJ noted Plaintiff's testimony that "she might have accidents relative to her Crohn's disease" and "she struggles with nausea, heartburn, and uncontrolled diarrhea." (*Id.* at 42.) The ALJ further noted Plaintiff's reports that "she spends a couple of hours per day in the bathroom" and "she still has a flare-up every other day" despite taking medication (*Id.*) The ALJ also noted that "the record establishes that the claimant has sought

7

treatment for ongoing symptoms of Crohn's disease, including abdominal pain and cramps as well as diarrhea, and constipation in between episodes of diarrhea and intermittent episodes of fecal incontinence." (*Id.* at 43.)

Despite this testimony and evidence, and despite finding the condition to be a severe impairment, the ALJ failed to account for Plaintiff's irritable bowel disease whatsoever in his RFC assessment. The Court finds that the ALJ erred in that regard, because if an "ALJ conclude[s] that Plaintiff's Crohn's Disease [is] a severe impairment affecting his ability to work . . . she need[s] to address it in the RFC by determine[ing] how long [Plaintiff] needs for breaks and whether an employer could tolerate such work interruptions." *Richard K. v. Saul*, No. 18 C 7316, 2020 WL 1986985, at *4 (N.D. Ill. Apr. 27, 2020) (citation and internal quotations omitted). The ALJ did not do so here, but rather stated that Plaintiff's "statement that she is in the bathroom for a couple of hours per day is excessive and inconsistent with the evidence of record" and "[n]o doctor reported that the claimant described bathroom habits as severe as testified." (R. 43.) That is all well and good, but the problem is that the ALJ failed to properly consider *any* bathroom-related accommodations Plaintiff might need. *See Jacob D. v. Kijakazi*, No. 20-cv-0554, 2021 U.S. Dist. LEXIS 156869, at *6 (N.D. Ill. Aug. 19, 2021) ("Not only does the ALJ fail to explain how she came to the conclusion these limitations would be sufficient to accommodate IBS, the ALJ erroneously failed to account for any bathroom breaks Plaintiff would need."). The ALJ was entitled to determine that Plaintiff exaggerated her bathroom usage, but it was still incumbent on the ALJ to

8

determine what bathroom break frequency and duration *was* supported by the record. *See Richard K.*, 2020 WL 1986985 at *4 ("But even assuming that analysis amounted to a finding that Plaintiff did not need to spend 20 minutes to an hour in the bathroom, the ALJ erred by not identifying what break duration *would* be supported by the record.") (emphasis in original, citations omitted). Ultimately, the ALJ's failure to sufficiently account for Plaintiff's irritable bowel disease requires that this matter be remanded. *See Jacob D. v. Kijakazi*, No. 20-cv-0554, 2021 U.S. Dist. LEXIS 156869, at *7-8 (N.D. Ill. Aug. 19, 2021) ("The Court must remand on the ALJ's failure to properly accommodate Plaintiff's IBS.").

      Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the nature and severity of Plaintiff's mental impairments are properly assessed.

9

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 12] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 17] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

_Maria Valdez_

**DATE:**    **September 9, 2022**  _____

                                                              **HON. MARIA VALDEZ**
                                                              **United States Magistrate Judge**